**GULF PRODUCTION COMPANY, Appellant, v. Mose GRANGER et al., Appellees.**

Motion No. 10552; No. 1344—5890.

Commission of Appeals of Texas, Section B.
March 15, 1933.

For original opinion, see 55 S.(2d) 531.

LEDDY, Judge.

It is strenuously insisted in appellant's motion for rehearing that the Gulf Production Company and its lessor did not prevail against the Humble Company and its lessor within the meaning of the contract, and that this court should so hold.

It is not within the province of this court to determine such question, as the same was not submitted for our consideration in the certificate presented by the honorable Court of Civil Appeals. The only question submitted to us in the certificate concerning the construction of the contract in question was whether the Kishi suit was settled or compromised so as to relieve appellant of liability under its contract. Whether appellant was in fact liable under another provision of the contract was not considered by us, and we expressed no opinion thereon.

We have carefully considered the argument presented in the motion, but have not been convinced that the questions submitted were incorrectly answered in our original opinion.

We recommend that appellant's motion for rehearing be overruled.

**William Beach BELL v. STATE.**
No. 15727.

Court of Criminal Appeals of Texas.
Feb. 22, 1933.

O. H. Atchley and O. B. Pirkey, both of New Boston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, Judge.

The offense, murder; the punishment, eight years in the penitentiary.

An affidavit in due form has been filed in this court showing that the appellant, since perfecting his appeal, has died.

The appeal is abated.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.